858 A.2d 556

IN THE MATTER OF ROBERT S. BURRICK,
AN ATTORNEY AT LAW.

October 7, 2004.

**ORDER**

The Disciplinary Review Board having filed its decision in DRB 02–368, recommending that **ROBERT S. BURRICK,** formerly of **MORRISTOWN,** who was admitted to the bar of this State in 1993, and who thereafter was temporarily suspended from the practice of law by Order of the Court on January 15, 2003, following his guilty plea to one count of mail fraud, in violation of 18 *U.S.C.A.* § 1341 and 2, and one count of interstate transportation of stolen securities and money obtained by fraud, in violation of 18 *U.S.C.A.* § 2314 and 2, *In re Burrick,* 175 *N.J.* 99, 813 *A.2d* 542 (2003), and who remains suspended at this time, should be

disbarred for violations of *RPC* 1.15(a) (knowing misappropriation of trust funds) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), as well as knowing misappropriation of law firm funds and embezzlement of funds of a nonprofit organization while acting as its treasurer;

And the Court having determined that clear and convincing evidence supports the findings and recommendation of the Disciplinary Review Board;

And the Court having duly considered respondent's request for a court-appointed expert to evaluate his claim of psychological and/or psychiatric impairment that he claims affected his mental condition at the time of his actions and his pleas to the federal criminal charges;

And the Court having also duly considered respondent's argument that he should be permitted to claim in this proceeding that his mishandling of funds was not knowing and voluntary in light of his mental illness at the time those acts were committed;

And the Court having concluded that respondent's contention, if allowed, would improperly permit a collateral attack on the knowing and voluntary plea he entered in the United States District Court on his federal criminal charges that related to some, but not all, of the charges in the ethics complaint against him, and which conviction respondent has not sought to reopen;

And good cause appearing;

It is ORDERED that respondent's applications for the appointment of an expert and for leave to claim in this proceeding that his mishandling of funds was not knowing and voluntary in light of his mental illness at the time those acts were committed are denied; and it is further

ORDERED that **ROBERT S. BURRICK** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys; and it is further

ORDERED that **ROBERT S. BURRICK** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.